### JAMES S. DILTS v. MARGARET KINNEY.

The law knows only one christian name.

Trespass *vi. et. ar.* is the proper remedy for an injury done by the defendant with his dog, but if the injury be done by the dog, in the absence of the defendant and without his agency, the proper remedy is an action on the case.

This was a *certiorari*, directed to the Court of Common Pleas of the county of Warren, removing a judgment therein rendered upon an appeal from the Court for the trial of small causes.

*Sherrerd,* for the plaintiff in *certiorari.*

*Maxwell,* for defendant.

HORNBLOWER, C. J.   Margaret Kinney sued James S. Dilts and Joseph R. Dilts, before a Justice of the Peace, in an action of trespass, for lugging her cattle with a dog, killing one and wounding another.   After a trial, the justice gave judgment in favor of the plaintiff, for $     damages with costs, against both of the defendants.   From that judgment the defendants appealed, and the Court of Common Pleas reversed the judgment of the Justice, and gave judgment against James S. Dilts, one of the defendants, for $12, with costs.

The first effort made by the defendants below, was to defeat the plaintiff's action, by showing that she had not sued in her true name.   But they failed to establish the fact.   The only

witness examined on that point, testified, it is true, that the plaintiff once said her name was Margaret N. or Margaret Ann Kinney; but he also testified, that he had never known her to use any other name than that of Margaret Kinney.

If however the fact had been otherwise, it ought not to have availed the defendant. It was sufficient, if she was known as well by the name of Margaret Kinney, as of Margaret N. or Margaret Ann Kinney. The law knows only of one christian name. *Co. Litt.* 3, *a. Evans* v. *King, Willes R.* 554; *Franklin* v. *Talmadge,* 5 *Johns. R.* 84. This is not like the case of a variance between the writ and declaration, as in *Bowen* v. *Mulford,* 5 *Halst. R.* 230; and *Wilber* v. *Widner,* 1 *Wend. R.* 55.

The 2d objection is founded on a supposed misconception of the action, which it is insisted should have been in case, and not in trespass. In *Woodruff* v. *Clark,* 2 *Penn. R.* 1045, this court remarked, that the distinction between case and trespass, was in many instances so nice, that it only served to perplex suitors, and the court considered itself justified in refusing to reverse on the ground of a mistake in that matter. But it is not necessary to rely upon that case, even if we were disposed to adopt it, because in the case before us, the rule is too plain to admit of a doubt. This action was brought against the defendants for a *tort* committed by *them;* the declaration alleges, " that the defendants with their dog" did the injury complained of. Trespass, therefore, was the proper action. If the injury had been done by the dog or other animal of the defendants, in their absence, and without their agency, the remedy would have been by an action on the case.

The only other ground relied on for a reversal of this judgment, is founded on the merits; but this we cannot try; though if the evidence is faithfully reported to us, in the state of the case agreed upon by the counsel for the parties, we might not have come to the same conclusion that the court below did. The judgment, in my opinion, must be affirmed.

FORD, J. This was trespass *vi. et. armis,* for that James S. Dilts and Joseph R. Dilts, *with* their dog, drove and lugged a cow and heifer of Margaret Kinney, by which the cow was

Dilts *v.* Kinney.

injured, and the heifer died. It appearing that the plaintiff below, once said that her name was Margaret *N.* or Margaret *Ann* Kinney, the witness not distinguishing which, the defendant moved for a non-suit, because she did not sue by her right name; the court properly refused the motion, for *N.* is no name; it is a *letter* or mark; and so uncertain whether Ann or not, that the court was not sure she could have a better action. A recovery by this name, would bar a suit by her in any other name, for the same cause of action. Joseph R. Dilts being abroad at the time the injury was committed, the court found him not guilty; but convicted James S. Dilts upon the evidence; who assigns for error, that the action should have been on the case; and it ought to have been so, if the dog had been charged with doing the injury without his master; but it is laid that the *master* did it, *with the dog;* which if true, is trespass *vi. et. armis*, the same as if he had done it with a gun. The declaration is right, if the evidence that *he* did it, *with* his dog, supported the declaration. The court thought it did not support the declaration as against *Joseph*, he being elsewhere at the time; but that there was evidence enough against James; although it was wholly circumstantial. This court never tries *the facts* over again, on *certiorari;* only the law arising out of them. I think there is no error in law, and that the judgment must be affirmed.

RYERSON, J. concurred.

*Judgment affirmed.*